| Image ID | | Doc. No. |
|---|---|---|
| D00302052D01 | **SUMMONS** | 302052 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha     NE 68183

Doll Construction LLC v. Amco Insurance Company

Case ID   CI 14   8767

TO   Amco Insurance Company

You have been sued by the following plaintiff(s)

Doll Construction LLC

Plaintiff's Attorney   Clay M Rogers
Address                8712 W Dodge Rd #400
                       Omaha, NE 68114

Telephone              (402) 392-0101

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date   JANUARY 20, 2015     BY THE COURT   *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON

Amco Insurance Company
c/o CSC Lawyers
233 S. 13th Street #1900
Lincoln, NE 68508

Method of service   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

**EXHIBIT A**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI140008767
Transaction ID: 0001765172
Filing Date: 10/30/2014 02:36:53 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| DOLL CONSTRUCTION, LLC, a Nebraska Limited Liability Company<br><br>Plaintiff,<br><br>vs.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation,<br><br>and<br><br>UNITED FIRE AND CASULATY INSURANCE COMPANY, an Iowa Corporation,<br><br>and<br><br>CHASTAIN OTIS, INC., a Nebraska Corporation,<br><br>and<br><br>BLUE CROSS AND BLUE SHIELD OF NEBRASKA, a Nebraska Corporation,<br><br>Defendants. | CASE NO: CI14-_____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |

COMES NOW the Plaintiff, Doll Construction, LLC, a Nebraska Limited Liability Company, ("Doll") by and through its attorneys, Smith Gardner Slusky Law, LLP, 8712 W. Dodge Road, Suite 400, and for its cause of action against the Defendants and each Defendant, does state and allege as follows:

## JURISDICTION AND VENUE

1. The Plaintiff is a Nebraska Limited Liability Company with its principal office located in Omaha, Douglas County, Nebraska and transacting business within Omaha, Douglas County, Nebraska;

2. Defendant Amco Insurance Company ("Amco") is an Iowa Corporation with its principal office located at 1100 Locust Street, Des Moines, Iowa and transacting business within the State of Nebraska and within Omaha, Douglas County, Nebraska;

3. Defendant United Fire and Casualty Insurance Company ("United Fire") is an Iowa Corporation with its principal office located at 118 Second Avenue SE, Cedar Rapids, Iowa and transacting business within the State of Nebraska and within Omaha, Douglas County, Nebraska;

4. Defendant Chastain Otis, Inc. ("Chastain") is a Nebraska Corporation with its principal office located at 9394 West Dodge Road, Suite 150, Omaha, Nebraska;

5. Defendant Blue Cross and Blue Shield of Nebraska ("BCBS") is a Nebraska Corporation with its registered office located at 1919 Aksarben Drive, Omaha, Nebraska;

6. Defendant BCBS is an interested party and potential claimant to the property damage payments from AMCO and/or United Fire and is included for the purpose of affording the parties full relief hereunder;

7. All acts or omissions and all damages complained of herein occurred in Omaha, Douglas County, Nebraska;

8. All contracts making up the subject matter of this litigation were executed in Omaha, Douglas County, Nebraska;

9. Jurisdiction and venue are appropriate and proper in Douglas County, Nebraska;

THE INSURANCE RELATIONSHIP AND POLICY

10. For the period of April 15, 2012 to April 15, 2013 Defendant AMCO insured Doll under a policy of Commercial General Liability with policy number ACP MCTO 7205599985 (the "Policy") issued through Defendant Chastain;

11. The Policy provides coverage for the benefit of Doll for property damage to "real property on which [Doll] or any

contractors or subcontractors working directly or indirectly on [Doll's] behalf are performing operations, if the 'property damage' arises out of those operations";

## THE COVERED LOSS

12. On December 27, 2012, Doll entered into a Contract with BCBS (the "BCBS Contract") for the removal of snow and ice at the BCBS property located at 1919 Aksarben Drive, Omaha, Nebraska (the "Premises");

13. Doll undertook to provide the services pursuant to the BCBS Contract in reliance upon the coverage provided in the Policy;

14. On or about December 20, 2012 and in anticipation of securing the BCBS Contract, Doll entered into a subcontract agreement (the "DDL Subcontract") with Down & Dirty, LLC ("DDL") to perform the snow and ice removal services required under the BCBS Contract;

15. Following execution of the BCBS Contract, DDL undertook to perform Doll's obligations under the BCBS Contract pursuant to the DDL Subcontract;

16. On or about March 10, 2013 an employee of DDL operating at the BCBS Premises pursuant to the DDL Subcontract and performing snow and ice removal pursuant to the BCBS Contract struck a parking garage arm and damaged parking gates on the Premises owned by BCBS;

17. On March 13, 2013 Doll forwarded photos and correspondence related to the damage to Chastain requesting coverage for the loss;

18. On or about March 25, 2013 BCBS forwarded to Doll a quote prepared by Kiewit Building Group for repair to the Premises in the amount of $18,822.00 ("Kiewit Quote") which quote was forwarded to Chastain on March 27, 2013;

19. On March 26, 2013 BCBS sent correspondence to Doll demanding payment in the amount of $18,822.00 pursuant to the Kiewit Quote;

20. On or about March 28, 2013 Chastain forwarded the claim to AMCO who assigned claim personnel to the claim;

21. Beginning on or about March 28, 2013 AMCO and Chastain initiated a strategy of delay and avoidance of its contractual obligations. Such efforts include:

  a. Failing to timely issue a determination of liability;

  b. Making repeated requests for information purportedly necessary for its investigation with such information being unrelated and unnecessary to AMCO's coverage determination;

  c. Failing to maintain ongoing communication with Doll related to administration of the claim;

  d. Claiming AMCO held beneficial interest under the Doll Subcontract;

  e. Denying coverage to Doll under the Policy based on DDL's failure to list all of its equipment on DDL's separate policy with United Fire while knowing that the damages claimed by Doll were not for damage to DDL's equipment;

  f. Denying coverage to Doll under the Policy for the reason that AMCO may possess an individual right to contribution or subrogation from a third party, namely, United Fire;

  g. Failing to accept coverage with a reservation of rights so that Doll could meet its obligation under the BSBS Contract;

  h. Repeatedly representing that the claim was being investigated and administered when no activity or investigation was ongoing;

22. Between March 28, 2013 and June 24, 2013 Doll repeated requested that Chastain and AMCO pay the claim to BSBS;

23. Between March 28, 2013 and June 24, 2013 Doll repeatedly requested that United Fire pay the claim to BCBS for the loss occasioned by its insured, DDL;

24. Doll is a beneficiary of the United Fire policy issued to DDL;

25. Beginning on or about March 28, 2013, United Fire initiated a strategy of delay and avoidance of its contractual obligations by the following:

   a. Failing to timely issue a determination of liability;

   b. Making repeated requests for information purportedly necessary for its investigation with such information being unrelated and unnecessary to United Fire's coverage determination;

   c. Failing to maintain ongoing communication with its insured related to administration of the claim;

   d. Denying coverage under the Policy based on DDL's failure to list all of its equipment while knowing that the damages claimed by were not for damage to DDL's equipment but for damage to real property owned by BCBS;

   e. Failing to accept coverage with a reservation of rights to prevent ongoing damage to its insured;

   f. Repeatedly representing that the claim was being investigated and administered when no activity or investigation was ongoing;

26. Between March 28, 2013 and June 24, 2013 Doll repeatedly communicated BCBS the assurances made by Chastain, AMCO, and United Fire that the claim would be resolved;

27. In reliance on the representations of Chastain, AMCO, and United Fire, Doll did not pay BCBS the damages BCBS requested;

28. Based on the assurance of payment received from Chastain, AMCO, and United Fire as forwarded by Doll, BCBS

withheld terminating the BCBS Contract in expectation of payment of its claim;

29. When Chastain, AMCO, and United Fire in bad faith failed to pay the claim and as a direct and proximate result thereof, BCBS terminated the BCBS Contract on June 24, 2013;

30. Doll reasonably expected the BCBS Contract to continue until spring of 2016 and but for the actions and bad faith of Chastain, AMCO, and United Fire Doll would have realized net profits in the amount of $170,301.00.

### FIRST CAUSE OF ACTION—BREACH OF CONTRACT AS AGAINST AMCO AND UNITED FIRE

31. Doll incorporates those allegations set forth in Paragraphs 1 through 29, inclusive, as if set forth fully herein;

32. By the above and foregoing AMCO breached its insurance contract with Doll as set forth in the Policy;

33. By the above and foregoing, United Fire breached its contractual obligations to Doll, as an intended beneficiary, under the DDL Policy;

34. Both AMCO and United Fire breached the implied contractual covenants of good faith and fair dealing in responding to this loss, inspecting this loss, investigating this loss, and promptly resolving this loss;

35. As a direct and proximate result of the breach by AMCO and United Fire, Doll has been damaged in an amount to be determined at trial, but not less than $170,301.00 in lost profits and $18,882.00 in covered claims remaining unpaid.

## SECOND CAUSE OF ACTION—DELAY & BAD FAITH AS AGAINST CHASTAIN, AMCO, AND UNITED FIRE

36. Doll incorporates those allegations contained in Paragraphs 1 through 35, inclusive, as if set forth fully herein;

37. Chastain, AMCO, and United Fire breached its duty of good faith and fair dealing and violated the Nebraska Uniform Insurance Claims Practices Act and acted in bad faith in at least the following particulars:

   a. Establishing a protocol immediately upon learning of the claim for responding to this insured loss designed to delay investigation, acceptance, and settlement of this claim;

   b. Denying coverage on impermissible or unrelated bases which provide no grounds for denial of the claim;

   c. Failing to process the claim until such time as additional, unrelated information was provided by Doll and third parties which information was unrelated to the claim or the claims evaluation and administration process;

   d. Denying and delaying coverage determinations with the intent of frustrating Doll's purpose in receiving owed benefits;

   e. Compelling Doll to retain counsel to pursue its legal rights under the Policy.

## THIRD CAUSE OF ACTION—DECLARATORY JUDGMENT

38. Doll incorporates those allegations contained in Paragraphs 1 through 37, inclusive, as if set forth fully herein;

39. The rights of parties and each party are contained within the Policy, the United Fire Policy, the BCBS Contract, and the DDL Contract which contracts are complete upon their face;

40. Disputes have arisen with respect to the parties individual rights and obligations under the terms of the various contracts which claims and disputes this Court can resolve by declaration.

WHEREFORE, Plaintiff prays this Court for Judgment:

a. against AMCO and UNITED FIRE in the amount of $18,822.00 representing covered losses under the policy;

b. against AMCO and UNITED FIRE for its breach of contract and bad faith in the amount of $170,301.00 in lost profits occasioned by the conduct of AMCO;

c. declaring the rights of the parties and each party as set forth in the Policy, the BCBS Contract, the DDL Subcontract, and the United Fire Policy; and

d. granting Plaintiff such other and further relief as the Court deems just and equitable.

JURY TRIAL DEMANDED.

DOLL CONSTRUCTION, LLC, Plaintiff

By: _____
Clay M. Rogers, #13559
Aaron F. Smeall, #22756
SMITH, GARDNER, SLUSKY,
LAZER, POHREN & ROGERS, LLP
8712 W. Dodge Road, Suite 400
Omaha, Nebraska 68114
402.392.0101
asmeall@lawsgs.com
ATTORNEY FOR PLAINTIFF

VERIFICATION

STATE OF NEBRASKA   )
                    )   SS
COUNTY OF DOUGLAS   )

Nicholas Doll, as representative of the Plaintiff herein, being first duly sworn on oath, deposes and states that he has read the foregoing, knows the contents thereof, and that the statements contained therein are true and correct as he verily believes.

_____
Nicholas Doll

SUBSCRIBED AND SWORN to before me this 30th day of October, 2014.

GENERAL NOTARY-State of Nebraska
MARY E BURNISON
My Comm. Exp. March 2, 2017

_____
Notary Public

(seal)