IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOLL CONSTRUCTION, LLC, a Nebraska Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> AMCO INSURANCE COMPANY, an Iowa Corporation; UNITED FIRE AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; BLUE CROSS AND BLUE SHIELD OF NEBRASKA, a Nebraska Corporation; and CHASTAIN OTIS, INC., a Nebraska Corporation; <br><br> Defendants. | 8:15CV68 <br><br><br> ORDER <br> AND <br> FINDINGS AND <br> RECOMMENDATION |

This matter is before the court on several motions. The defendant, Chastain Otis, Inc. (Chastain), filed a Motion to Dismiss for Failure to State a Claim (Filing No. 9). The defendant, Blue Cross and Blue Shield of Nebraska (BCBS), also filed a Motion to Dismiss (Filing No. 11). The plaintiff, Doll Construction, LLC (Doll), filed a Motion to Remand (Filing No. 16); a Motion to Strike Pleading (Filing No. 19); and a Motion for Leave to File a Surreply Brief in Opposition to Motions to Dismiss (Filing No. 29), with the Surreply Brief (Filing No. 29-1). The respective parties have briefed, responded, and replied to the pending motions.

On February 23, 2015, the defendant, AMCO Insurance Company (AMCO), removed this action from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. *See* Filing No. 1 - Notice of Removal. AMCO alleges this action is removable pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* ¶¶ 8-9. AMCO alleges joinder of Chastain and BCBS, which would otherwise destroy diversity jurisdiction, is improper. *Id.* ¶ 6. AMCO filed a brief in support of the notice of removal, which is subject to Doll's Motion to Strike Pleading. *See* Filing Nos. 2 and 19. Following removal, Chastain and BCBS filed the motions to dismiss arguing Doll's Complaint fails to state a claim against Chastain and BCBS. *See* Filing Nos. 9 and 11. Doll opposes the motions to dismiss, argues Chastain and BCBS

are properly joined, and moved to remand the case. **See** Filing Nos. 16, 27, 29-1. For the reasons set forth below, the undersigned magistrate judge recommends Chastain and BCBS's motions to dismiss be granted and Doll's motion to remand be denied.

## BACKGROUND

This case arises from a mishap that occurred on March 10, 2013, when an employee of Doll's subcontractor, Down & Dirty, LLC (DDL), struck a parking garage arm and damaged certain parking gates at BCBS's premises at 1919 Aksarben Drive, Omaha, Nebraska. Doll and BCBS contracted for Doll to remove snow and ice from BCBS's office located in Omaha, Nebraska. **See** Filing No. 1-1 - Complaint ¶ 12. Doll subcontracted with DDL to have DDL perform the snow and ice removal services required under the BCBS contract. *Id.* ¶¶ 14-15. From April 15, 2012, to April 15, 2013, AMCO insured Doll under a policy of Commercial General Liability issued through Chastain. *Id.* ¶ 10. The policy provided coverage to Doll's contractors and subcontractors. *Id.* ¶ 11.

On March 13, 2013, Doll informed Chastain of the March 10, 2013, incident and requested coverage for any losses. *Id.* ¶ 17. On March 25, 2013, BCBS sent Doll a quote for the repair of the parking garage in the amount of $18,822. *Id.* ¶ 18. On March 26, 2013, BCBS sent correspondence to Doll demanding payment of $18,822. *Id.* ¶ 19. Doll sent the quote to Chastain on March 27, 2013. *Id.* ¶ 18. A day later, on March 28, 2013, Chastain forwarded BCBS's claim to AMCO. *Id.* ¶ 20. Between March 28, 2013, and June 24, 2013, Doll requested Chastain and AMCO pay BCBS's claim. *Id.* ¶¶ 21-23. Doll also requested United Fire and Casualty Insurance Company (United Fire), which issued an insurance policy to DDL, to pay the claim. *Id.* ¶¶ 23-25. As the claim remained unpaid, on June 24, 2013, BCBS terminated its snow and ice removal contract with Doll. *Id.* ¶ 29.

On October 30, 2014, Doll filed its Complaint against the defendants. *Id.* In Doll's first cause of action, Doll alleges a "Breach of Contract" claim against AMCO and United Fire. *Id.* ¶¶ 31-35. In the second cause of action, Doll asserts a "Delay & Bad Faith" claim against Chastain, AMCO, and United Fire under the Nebraska Uniform Insurance Claims Practices Act. *Id.* ¶¶ 36-37. Lastly, Doll seeks judgment declaring

the rights of the parties set forth in the various policies. *Id.* ¶¶ 38-40. Doll asserts it would have realized net profits in the amount of $170,301 had its contract with BCBS continued. *Id.* ¶¶ 30, 40.

## ANALYSIS

A.  **Motions to Dismiss**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" **See** Fed. R. Civ. P. 8(a)(2). "[A]lthough a complaint need not include detailed factual allegations, 'a plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" ***C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347***, 591 F.3d 624, 629-30 (8th Cir. 2010) (**quoting *Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" ***Gomes v. American Century Co., Inc.***, 710 F.3d 811, 815 (8th Cir. 2013) (**quoting *Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Iqbal***, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" ***Id.*** at 679 (**quoting** Fed. R. Civ. P. 8(a)(2)).

"Courts must accept . . . specific factual allegations as true but are not required to accept . . . legal conclusions." ***Outdoor Cent., Inc. v. GreatLodge.com, Inc.***, 643 F.3d 1115, 1120 (8th Cir. 2011) (**quoting *Brown v. Medtronic, Inc.***, 628 F.3d 451, 459 (8th Cir. 2010)) (internal quotation marks omitted); **see also *Iqbal***, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." ***Id.*** at 678. The complaint's factual allegations must be "sufficient to raise a right to relief above the speculative level." ***Williams v. Hobbs***, 658 F.3d 842, 848 (8th Cir. 2011) (internal quotation marks

3

omitted). In applying these standards, "a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." *United States ex rel. Raynor v. Nat'l Rural Util. Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012). The court reviews "the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012).

1. **BCBS's Motion to Dismiss**

BCBS argues it should be dismissed from this case because Doll does not assert any claim against BCBS. **See** Filing No. 12 - Brief. In response, Doll argues the court does not need to decide BCBS's motion because this case should be remanded to state court as the parties are not diverse, namely Chastain is of the same citizenship as Doll. **See** Filing No. 27 - Response p. 5-6. However, Doll admits it only named BCBS to afford the parties full relief. *Id.* In reply, BCBS argue requiring a non-party, to participate in this case, on the possibility of remand, places a high burden on BCBS in terms of both time and litigation costs. **See** Filing No. 31 - Reply. BCBS contends Doll cannot be allowed to list a party in a caption, serve that party with process, and require the party to participate in litigation when Doll does not allege any cause of action against that party. *Id.*

Doll has not argued BCBS is a necessary or indispensable party under Fed. R. Civ. P. 19. Additionally, BCBS has not argued it must be joined to protect its interests. Because Doll has not asserted a claim against BCBS, BCBS should be dismissed from this case.

2. **Chastain's Motion to Dismiss**[1]

Chastain contends Doll cannot assert a claim under the "Nebraska Uniform Insurance Claims Practices Act" because it does not exist, and to the extent Doll refers to the Unfair Insurance Claims Settlement Practices Act, Neb. Rev. St. §§ 44-1536 to 44-1536, the act does not create a private right of action. **See** Filing No. 9-1 - Brief p. 4-

---

[1] The court will grant Doll's Motion for Leave to File a Surreply Brief in Opposition to Motions to Dismiss (Filing No. 29). To the extent the surreply is relevant to evaluating Chastain's Motion to Dismiss, the court considered the surreply *instanter*.

4

6. Chastain argues enforcement power against insurers is vested in the State Director of Insurance. *Id.* (**citing** ***Allied Fin. Servs., Inc., v. Foremost Ins. Co.***, 418 F. Supp. 157, 162 (D. Neb. 1976); **see also** ***Wineinger v. United Healthcare Ins., Co.***, 2000 WL 1277629, at *8 (D. Neb. 2000)). Chastain also argues, although courts have recognized a claim against insurance brokers when the broker fails to timely submit an insured's claim and the claim is denied on that basis, Doll has not asserted any facts BCBS or AMCO denied Doll's claims because Chastain failed to timely submit the claims. *Id.* at 6-7. Lastly, Chastain argues Doll has not alleged any facts Chastain had the ability to process, determine, or deny Doll's claim, therefore, Doll's mere conclusions fail to state a claim for relief. *Id.* at 7-8.

Although Doll did not clarify under which statute Doll alleges its claim under, Doll argues paragraphs twenty-one and thirty-seven state a plausible claim for relief against Chastain and the Complaint sets forth specific factual allegations and not mere conclusions of law or recitations of the statutory scheme. **See** Filing No. 27 - Response p. 3-4. In a surreply, Doll argues it has properly alleged a claim that Chastain "acted in bad faith and breached its duty of good faith and fair dealing in concert with AMCO and United Fire." **See** Filing No. 29-1 - Surreply. Doll also argues Chastain's motion assumes facts not in evidence and should not be considered as part of this motion. *Id.*

Assuming Doll asserts a claim under a valid Nebraska statute, Doll's Complaint consists of mere legal conclusions. Doll did not plead any facts from which the court could draw an inference Chastain's conduct resulted in the denial of Doll's claim and cancellation of Doll's contract with BCBS. The bare allegations Chastain "initiated a strategy of delay and avoidance," "breached its duty of good faith and fair dealing[,] . . . violated the Nebraska Uniform Insurance Claims Practices Act[,] and acted in bad faith" by essentially delaying and denying coverage are insufficient and without any facts pled to support such allegations. **See** Filing No. 1-1 - Complaint ¶¶ 21, 21a-h, 37, 37a-e. Importantly, Doll has not alleged Chastain is a party to the insurance contract between Doll and AMCO. **See** ***Spanish Oaks, Inc. v. Hy-Vee, Inc.***, 655 N.W.2d 390, 400 (2003) ("The implied covenant of good faith and fair dealing exists in every *contract* and requires that none of the *parties to the contract* do anything which will injure the right of another party to receive the benefit of the *contract*.") (emphases added); **see also**

***Braesch v. Union Ins. Co.***, 464 N.W.2d 769, 776 (1991) (stating the implied covenant of good faith and fair dealing "is dependent upon a contractual relationship between the plaintiff and the insurer") *disapproved on other grounds by* ***Wortman by & Through Wortman v. Unger***, 578 N.W.2d 413 (1998). Doll has not plead enough facts to state a claim to relief against Chastain that is plausible on its face and "raise[s] a right to relief above the speculative level." ***Twombly***, 550 U.S. at 555-56. Accordingly, Doll's claim against Chastain should be dismissed.

B.  Motion to Remand

The court must look to a federal statute to determine if an action was properly removed to federal court. The federal statute governing removal provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). AMCO removed this action based on diversity jurisdiction; therefore, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. **See** 28 U.S.C. § 1332(a). The United States District Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a). The federal diversity jurisdiction statute provides "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Principal place of business refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." ***Hertz Corp. v. Friend***, 559 U.S. 77, 92 (2010). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction [by a preponderance of the evidence]; all doubts about federal jurisdiction must be resolved in favor of remand[.]" ***Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.***, 561 F.3d 904, 912 (8th Cir. 2009) (internal citations omitted); **see also** ***In re Prempro Prod. Liab. Litig.***, 591 F.3d 613, 620 (8th Cir. 2010).

The amount in controversy is uncontested. According to Doll's Complaint, in addition to payment of BCBS's $18,822 claim, Doll seeks damages of $170,301 for lost profits under the snow and ice removal contract with BCBS. **See** Filing No. 1-1 - Complaint ¶¶ 30, 35, and 40. Therefore, Doll's claim exceeds the $75,000 jurisdictional minimum. The parties are also diverse. As addressed above, the two non-diverse parties, Chastain and BCBS, are not properly named as defendants. After dismissal of those parties, the remaining defendants are AMCO, an Iowa corporation, and United Fire, an Iowa corporation. **See** *id.* ¶¶ 1-3. AMCO and United Fire are diverse from Doll, a Nebraska limited liability company. Accordingly, the motion to remand should be denied.

**C.    Motion to Strike Pleading**

Doll moves to strike AMCO's brief in support of removal because the brief was filed in violation of court rules and without leave of the court. **See** Filing No. 19 - Motion; Filing No. 2 - Brief. AMCO has not opposed the motion. AMCO's brief reiterates its Notice of Removal. The requirements for removal under 28 U.S.C. § 1446 do not include filing of a brief in support of removal. However, neither the federal rules nor local rules prohibit filing a brief. The motion is denied.

**IT IS ORDERED:**

1.    Doll Construction, LLC's Motion to Strike Pleading (Filing No. 19) is denied.

2.    Doll Construction, LLC's Motion for Leave to File a Surreply Brief in Opposition to Motions to Dismiss (Filing No. 29) is granted and the brief was considered *instanter*.

**IT IS RECOMMENDED TO SENIOR JUDGE JOSEPH F. BATAILLON that:**

1.    Chastain Otis, Inc.'s Motion to Dismiss for Failure to State a Claim (Filing No. 9) be granted.

2.    Blue Cross and Blue Shield of Nebraska's Motion to Dismiss (Filing No. 11) be granted.

3. Doll Construction, LLC's Motion to Remand (Filing No. 16) be denied.

## ADMONITION

Pursuant to NECivR 72.2 any objection to this Order and Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order and Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 21st day of April, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge