IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOLL CONSTRUCTION, LLC, a Nebraska Limited Liability Company,<br><br>    Plaintiff,<br><br>  vs.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation; UNITED FIRE AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; BLUE CROSS AND BLUE SHIELD OF NEBRASKA, a Nebraska Corporation; and CHASTAIN OTIS, INC., a Nebraska Corporation,<br><br>    Defendants. | 8:15CV68<br><br>ORDER |

  This matter is before the court on the plaintiff's Motion for Leave to File Amended Complaint (Filing No. 35). The plaintiff states the purpose of the amendment is to add allegations against the defendant Chastain Otis, Inc. (Chastain). The plaintiff's motion comes after Chastain filed a motion to dismiss and other defendants filed a motion to dismiss and removed this action to federal court based on the plaintiff's allegedly improper joinder of Chastain. *See* Filing No. 32 - Findings and Recommendation. Upon review of the earlier fully-briefed motions, the undersigned magistrate judge recommended the plaintiff's motion to remand be denied and the defendants' motions be granted. *Id.* The Findings and Recommendation is currently before Senior Judge Joseph F. Bataillon on the plaintiff's objection. *See* Filing No. 33.

  While the merits to any amendments to the complaint will not be resolved at this time, the court finds the motion itself is deficient. The plaintiff may not amend the complaint as of course (Fed. R. Civ. P. 15(a)(1)), accordingly the plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). To facilitate the procedure, the court has a local rule governing amending pleadings.

> A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments. . . . The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties.

NECivR 15.1.

The plaintiff failed to comply with the Nebraska Civil Rules in several respects. First, although the plaintiff attached the proposed pleading, it failed to specifically state the proposed amendments. Second, the plaintiff failed to state whether the motion was unopposed. Normally, the plaintiff's failure to confer with opposing counsel will likely cause unnecessary delay and court involvement in the action. In this matter the failure highlights additional deficiencies in the plaintiff's filing. In particular, the plaintiff states, "Pursuant to Fed.R.Civ.P. 15 and NECivR 7.1(a)(1)(B) this motion presents not [sic] substantial issue of law as the relief is within the Court's discretion and is therefore submitted without a supporting brief." **See** Filing No. 35 - Motion p. 2. Such statement stands in stark contrast to the actions taken by all of the parties in this matter, including the removal, two motions to dismiss, and the plaintiff's own motion to remand. All of these filings touch upon whether the plaintiff properly included Chastain as a defendant and the allegations against Chastain. Seeking to amend, without a supporting brief, at this time to add allegations against Chastain is disingenuous, at best. Generally, any opposed motion to amend, as this one clearly would be, presents an issue of law. Furthermore, the circumstances of this case make it abundantly clear issues of law will impact the court's decision and the plaintiff's motion bears no resemblance to the examples given in the local rule. **See** NECivR 7.1(a)(1)(B).[1] Accordingly, the court finds the plaintiff's motion raises a substantial issue of law. The plaintiff's failure to comply with the court's local rules will be treated as an abandonment of the motion.

---

[1] A brief is not required if (i) a motion raises no substantial issue of law and (ii) relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. If the court concludes that a motion raises a substantial issue of law, however, it may treat the failure to file a brief as an abandonment of the motion.

**IT IS ORDERED**:

The plaintiff's Motion for Leave to File Amended Complaint (Filing No. 35) is denied.

Dated this 7th day of May, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge