IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DOLL CONSTRUCTION, LLC, a Nebraska Limited Liability Company;<br><br>        Plaintiff,<br><br>   vs.<br><br>AMCO INSURANCE COMPANY, an Iowa Corporation; UNITED FIRE AND CASUALTY INSURANCE COMPANY, an Iowa Corporation; BLUE CROSS AND BLUE SHIELD OF NEBRASKA, a Nebraska Corporation; and CHASTAIN OTIS, INC., a Nebraska Corporation;<br><br>        Defendants. | 8:15CV68<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on plaintiff's objections, Filing No. 33, to the findings and recommendation of the magistrate judge, Filing No. 32. The magistrate judge addressed a number of issues in his findings, but plaintiff objects only to those findings concerning defendant Chastain Otis, Inc. Following the findings and recommendation, the plaintiff filed a motion for leave to amend its complaint and attached an amended complaint, Filing No. 35. The magistrate judge denied this motion on the basis that plaintiff: failed to articulate that he had conferred with counsel and whether the motion was unopposed; failed to file a brief in support of his motion; and failed to delineate which parts of his complaint he was amending. Filing No. 36. Thereafter, the plaintiff filed a motion to amend his complaint with both a brief and a reply brief in support. Filing Nos. 38 and 40. The defendant Chastain Otis, Inc. opposes the amendment to the complaint. Filing No. 39.

This case arises from an accident that occurred on March 10, 2013, when an employee of Doll's subcontractor, Down & Dirty, LLC (DDL), struck a parking garage arm and damaged certain parking gates at BCBS's premises at 1919 Aksarben Drive, Omaha, Nebraska. Doll and BCBS contracted for Doll to remove snow and ice from BCBS's office located in Omaha, Nebraska.  *See* Filing No. 1-1 - Complaint ¶ 12. Doll subcontracted with DDL to have DDL perform the snow and ice removal services required under the BCBS contract. *Id.* ¶¶ 14-15.  From April 15, 2012, to April 15, 2013, AMCO insured Doll under a policy of Commercial General Liability issued through Chastain.  *Id.* ¶ 10.   The policy provided coverage to Doll's contractors and subcontractors. *Id.* ¶ 11.  Chastain Otis, Inc. served as plaintiff's insurance agent and allegedly assisted with the claim in this case.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  In order to survive, a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 547. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully.).

*Twombly* is based on the principles that (1) the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678-79. Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." *Id.* at 679. Accordingly, under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* When there are well-pleaded factual allegations, a court should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.*

Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *Twombly,* 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679.

The Court first notes that plaintiff objected to none of the other issues determined by the magistrate judge.  The Court carefully reviewed the findings and recommendations with regard to all other issues, and finds the magistrate judge is correct as a matter of fact and law.  Accordingly, the Court will adopt those findings and recommendations.

The Court now moves to the denial of plaintiff's motion to amend.  The Court notes that in its amended complaint, plaintiff addressed the concerns of the magistrate judge set forth in the findings and recommendation.  In particular, the magistrate judge noted that the allegations against Chastain Otis, Inc. were conclusory in nature and unsupported by any facts.  In the amended complaint, however, the Court notes that the plaintiff has added specific facts to address the deficiencies noted by the magistrate judge.  The plaintiff has specifically alleged conclusions of law as to lack of fair dealing and good faith by Chastain Otis, Inc., and has supported the allegations with dates and

times and written comments. As a result, this Court is going to permit the plaintiff to immediately file his amended complaint. However, the defendants may thereafter plead as they think appropriate.

THEREFORE, IT IS ORDERED THAT:

1. The Findings and Recommendation of the magistrate judge, Filing No. 32, with reference to Filing Nos. 11 and 16 are granted in all respects with the exception of the rulings on the motion to dismiss that relate to Chastain Otis, Inc.

2. The objection to the findings and recommendation, Filing No. 33, is granted.

3. The plaintiff's motion to amend, Filing No. 37, is granted, and the plaintiff shall immediately file his amended complaint.

4. The order of the magistrate judge, Filing No. 36, denying the motion for leave to file an amended complaint is overruled.

5. The motion to dismiss, Filing No. 9, is denied as set forth herein.

Dated this 12th day of June, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge