IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DOLL CONSTRUCTION, LLC, a      )
Nebraska Limited Liability     )
Company,                       )
                               )
         Plaintiff,            )        8:15CV68
                               )
    v.                         )
                               )
AMCO INSURANCE COMPANY, an     )        ORDER
Iowa Corporation, UNITED FIRE  )
AND CASUALTY INSURANCE         )
COMPANY, an Iowa Corporation,  )
and CHASTAIN OTIS, INC., a     )
Nebraska Corporation,          )
                               )
         Defendants.           )
_____)
```

This matter is before the Court on its own motion. According to the plaintiff's amended complaint (Filing No. 42), plaintiff Doll Construction L.L.C. and defendant Chastain Otis Inc. are both Nebraska entities. The Court has an obligation to consider *sua sponte* whether it has subject matter jurisdiction over a case. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). The Court "must raise jurisdictional issues 'when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'" *Id*. (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)).

It appears to the Court that the plaintiff seeks diversity jurisdiction. Under 28 U.S.C. § 1332, district courts

have original subject matter jurisdiction in all civil matters where the controversy exceeds $75,000 and exists between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction requires each defendant to be a citizen of a different state from each plaintiff.  *See id.* (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

Suits are subject to dismissal when the Court lacks subject matter jurisdiction to hear the matter.  Fed. R. Civ. P. 12(b)(1).  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper by a preponderance of the evidence.  *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010), *Yeldell v. Tuft*, 913 F.3d 533, 537 (8th Cir. 1990).

IT IS ORDERED:

1)  Plaintiff shall have until July 27, 2015, to file a brief concerning jurisdiction.

2) Defendants shall have until August 10, 2015, to file one responsive brief per defendant, or one common brief.

3) Plaintiff shall have until August 17, 2015, to file a reply brief.

DATED this 13th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court