IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DOLL CONSTRUCTION, LLC, a Nebraska Limited Liability Company, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:15CV68 |
| v. | ) ) | |
| AMCO INSURANCE COMPANY, an Iowa Corporation, UNITED FIRE AND CASUALTY INSURANCE COMPANY, an Iowa Corporation, and CHASTAIN OTIS, INC., a Nebraska Corporation, | ) ) ) ) ) ) ) | MEMORANDUM OPINION |
| Defendants. | ) ) | |

This matter is before the Court on plaintiff's Motion to Remand (Filing No. 56). The matter has been fully briefed by the parties. *See* Filings Nos. 57, 59, 60 and 61. For the reasons outlined below, the Court finds it lacks subject matter jurisdiction and will remand the case to the District Court of Douglas County, Nebraska.

**BACKGROUND AND PROCEDURAL HISTORY**

This case arises from an accident that occurred on March 10, 2013, when an employee of Doll Construction, LLC's ("Doll" or "plaintiff") subcontractor, Down & Dirty, LLC ("DDL"), struck a parking garage arm and damaged certain parking gates at Blue Cross and Blue Shield of Nebraska's ("BCBS") premises at

1919 Aksarben Drive, Omaha, Nebraska. BCBS contracted with Doll to remove snow and ice from BCBS's office located in Omaha, Nebraska. *See* Filing No. 1-1, ¶ 12. Doll subcontracted with DDL to have DDL perform the snow and ice removal services required under the BCBS contract. *Id.* ¶¶ 14-15. From April 15, 2012, to April 15, 2013, AMCO Insurance Co. ("AMCO") insured Doll under a policy of Commercial General Liability issued through Chastain Otis Inc. ("Chastain"), an insurance broker. *Id.* ¶ 10.

Doll's original complaint alleges that on March 13, 2013, Doll informed Chastain of the March 10, 2013, incident and requested coverage for any losses. *Id.* ¶ 17. As the claim remained unpaid, on June 24, 2013, BCBS terminated its snow and ice removal contract with Doll. *Id.* ¶ 29.

On October 30, 2014, Doll filed its original complaint in the Douglas County State Court naming AMCO, United Fire, Chastain, and BCBS as defendants. See id. On February 23, 2015, AMCO removed to this Court. *See* Filing No. 1. AMCO alleges this action is removable pursuant to 28 U.S.C. § 1332 because although the face of the original complaint named two non-diverse parties, Doll improperly joined the non-diverse parties in an effort to avoid federal diversity jurisdiction. (*Id.* at 6). Following removal, the two non-diverse parties, Chastain and BCBS, filed motions to dismiss, claiming Doll's complaint failed to state a

-2-

claim against them.  *See* Filing Nos. 9 and 11.  Doll argued at least one of the two non-diverse parties was properly joined, making AMCO's removal improper and made a motion to remand back to the state court.  *See* Filing No. 17.

On April 21, 2015, Magistrate Judge Thalken issued an Order and Findings and Recommendation to Senior District Court Judge Joseph F. Bataillon (Filing No. 32).  In his order, Magistrate Judge Thalken recommended that both Chastain and BCBS's Motions to Dismiss (Filing Nos. 9 and 11) be granted, and Doll's Motion to Remand (Filing No. 16) be denied (Filing No. 32 at 7-8).  Doll objected to the recommendation regarding Chastain's dismissal and sought to amend its complaint.  *See* Filing Nos. 33 and 35.  Doll's motion to amend its complaint was denied by Magistrate Judge Thalken (Filing No. 36), but was subsequently granted by Judge Bataillon.  *See* Filing No. 41 at 5 (permitting "the plaintiff to immediately file his amended complaint.").

As amended, Doll's Amended Complaint (Filing No. 42) provides additional facts and sets forth allegations in greater detail relating to a special duty undertaken by Chastain on behalf of Doll in relation to the processing of the claim.  *See id.* at 4-6, 8-9.  Relying on these new facts and allegations and noting the Magistrate Judge's initial problems regarding Doll's

claims against Chastain and procedural errors, Judge Bataillon overruled the Magistrate Judge's denial of Doll's Motion to Amend and adopted all the Magistrate Judge's findings and recommendations with exception to Chastain's Motion to Dismiss. *See* Filing No. 41 at 4-5.  After granting Doll leave to amend its complaint, Judge Bataillon issued an order sua sponte, recusing himself (Filing No. 47).  Following reassignment, this Court issued an order requesting the parties to once again address the issue of subject matter jurisdiction (Filing No. 52).

**DISCUSSION**

Under 28 U.S.C. § 1332, federal district courts have original subject matter jurisdiction in all civil matters where the controversy exceeds $75,000 and exists between citizens of different states.  28 U.S.C. § 1332.  Diversity jurisdiction requires each defendant be a citizen of a different state from each plaintiff.  *See id.*; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L.Ed.2d 274 (1978).  The party asserting jurisdiction bears the burden of proving that jurisdiction is proper by a preponderance of the evidence.  *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010), *Yeldell v. Tuft*, 913 F.2d 533, 537 (8th Cir. 1990).  All doubts as to the propriety of exercising federal jurisdiction ought to be resolved in favor of remand.  *Central Iowa Power Co-*

*op. v. Midwest Independent Transmission System Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

In determining whether joinder is fraudulent, a court must decide "whether there is arguably a reasonable basis for predicting that state law might impose liability based on the facts involved" against the party whose presence in the action would impede subject matter jurisdiction. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007) (quoting *Filla v. Norfolk S. Ry.*, 336 F.3d 806, 811 (8th Cir. 2003)). Put another way, diversity jurisdiction is only "proper when there exists no reasonable basis in fact and law supporting a claim against nondiverse defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). In cases where the plaintiff's allegation of liability is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)). It is questionable whether under Nebraska law an insured can assert a claim against an insurance broker for breach of special

duties it has voluntarily undertaken through written statements as Doll presently alleges against Chastain. However, the Court need not decide whether Doll's Amended Complaint affirmatively states a claim under Nebraska law and refuses to do so. *See Wiles*, 280 F.3d at 871. The Court need only determine whether, as presently pled, there is a reasonable basis that Chastain is liable to Doll. *Id.* The Court finds such a reasonable basis exists. The Court cannot conclude, based on the record before it, that defendants have satisfied their burden showing that Doll's joinder of Chastain, a non-diverse defendant, was fraudulent. *See Central Iowa Power Co-op*, 561 F.3d at 912. The determination of whether Doll's Amended Complaint now states a claim against Chastain is a determination best left for the state court. *See Filla*, 336 F.3d at 811. The Court thus concludes that Chastain's presence destroys the requirement of complete diversity, and this Court is without subject matter jurisdiction. Therefore, Doll's Motion to Remand will be granted. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lack subject matter jurisdiction,

the case *shall* be remanded.") (emphasis added).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of August, 2015.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court